### J. H. LEWIS v. STATE.

No. 2295.  Decided March 12, 1913.

Rehearing denied April 16, 1913.

**1.—Illegally Practicing Medicine—Definition of Offense—Constitutional Law.**
The medical practice Act is constitutional, and does not seek to regulate how anyone may treat disease or disorders, but simply provides that before

he does so, he shall demonstrate that he is well grounded in certain studies named in the Act; and no one has an inalienable right to practice medicine or treat disease for pay. Following Newman v. State, 58 Texas Crim. Rep., 223, and other cases.

**2.—Same—Case Stated—Sufficiency of the Evidence.**

Upon trial of practicing medicine without authority, etc., where the evidence showed that defendant treated and offered to treat paralysis, rheumatism, asthma, etc., making specific charges for the treatment thereof, without having registered his authority to do so, the conviction was sustained.

Appeal from the County Court of Comanche. Tried below before the Hon. J. M. Rieger.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and one hour confinement in the county jail.

The opinion states the case.

*Sol L. Long* and *Smith & Long,* for appellant.—On question of insufficiency of the evidence; Nelson v. State, 57 S. W. Rep., 501; State v. Mylod, 41 L. R. A., 428; Hayden v. State, 33 Sou., 653; Underwood v. Scott, Pac. Rep., 942.

On question that Act does not apply to masseurs: Dunlop v. U. S., 165 U. S., 486.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of the offense of practicing medicine without having registered his authority so to do, if he had any such authority, from the State Board of Medical Examiners.

Appellant earnestly insists that as he did not prescribe, nor give medicine for the treatment of disease he does not come within the provisions of the medical practice Act, or, if the Act is so drawn as to include one who treats disease, otherwise than by administering medicines, then the act is unconstitutional. Appellant's counsel have filed an able and extensive brief, but cite us to no authorities as sustaining their contention, and we have found none. In the first place, we want to call attention to the fact that the medical practice Act does not seek to regulate how anyone shall treat diseases or disorders, —it simply provides that before anyone shall treat or offer to treat diseases or disorders for the human family, he shall demonstrate that he is well grounded in certain studies named in the Act. This is to compel a person to show he has a knowledge of the human frame, the organs of the body, and an ability to diagnose diseases, etc. If he shall pass this examination, then the treatment of disease is left to his judgment and in no way does the Act seek to control how any man shall treat disease. The misconception of the terms of the medical practice Act has been the basis of much argument. No one has

an inalienable right to follow the occupation of practicing medicine or treating disease for pay, any more than one has the inalienable right to follow the occupation of practicing law for pay, or to practice dentistry, or any other occupation that requires and demands a certain amount of what might be termed technical knowledge of the subject with which he represents he is competent to practice.  Every question raised by appellant in his brief has been so thoroughly discussed by this court in cases heretofore decided, we deem it but useless to reiterate the law as therein announced, as the argument of appellant's counsel has not caused us to change our views as therein expressed.  For a complete discussion of every question raised by appellant see the following cases:  Newman v. The State, 58 Texas Crim. Rep., 223; Dankworth v. The State, 61 Texas Crim. Rep., 157; Germany v. The State, 62 Texas Crim. Rep., 276; Ex Parte Collins, 57 Texas Crim. Rep., 2; Collins v. The State of Texas, 223 U. S., 288, 56 Law Ed., 439; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. R., 391; Collins v. The State, 152 S. W. R., 1047, and cases cited in these decisions.

In this case it was shown that appellant had treated and offered to treat paralysis, rheumatism, asthma, tonsilitis, kidney trouble, cancer, female trouble, stomach trouble, nervousness, abscess, neuralgia, and various other diseases, even to removing cataracts, etc., making specific charges for the treatment.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 16, 1913.—Reporter.]