LOTTINGER, Judge.
The Louisiana State Board of Medical Examiners, the petitioner in this matter, brought suit against Robert F. Weller seeking to have the defendant enjoined from engaging in the practice of medicine without a permit. The Lower Court granted the injunction and condemned defendant to pay a penalty of $50 plus attorney fees in the sum of $50 as is provided by LSA-R.S. 37:1261 et seq. The defendant has taken this, a suspensive, appeal.
The petition alleges that the defendant is holding himself to the public as being engaged within Lafourche Parish, Louisiana, in the business of diagnosing, treating, curing or relieving bodily or mental diseases, conditions, infirmities, deformities, defects, ailments and injuries in human beings other than himself, and is examining such persons for such purpose and is prescribing and administering both internal and external treatment to such persons for such purpose; that such acts constitute the practice of medicine as defined by LSA-R.S. 37:1261; that the defendant has never obtained the certificate or permit provided for in LSA-R.S. 37:1270; and that he should be enjoined from the said practice, and be required to pay a penalty and attorney fees in accordance with the provisions of LSA-R.S. 37:1286.
Defendant first filed an exception to petitioner’s petition for failure of petitioner to therein state its place of residence or domicile. Defendant then later filed an exception of vagueness, which was later followed by exceptions of no right or cause of action, based upon the premise that the petitioner has no legal status and has no right or authority to file suit, and, furthermore, that LSA-R.S. 37:1261 et seq., is unconstitutional. These exceptions were overruled by the Lower Court, and the defendant then filed answer which in effect admitted that the defendant had no permit, or license, but further claimed that he was not engaged in the practice of medicine. After trial on the merits, the Lower Court awarded the injunction, and the defendant has taken this appeal.
As to the exceptions filed by the defendant, we believe that they were properly overruled by the Lower Court. The statute under which this suit is based is Act No. 56 of 1914, as amended. Said act has been attacked as unconstitutional on many occasions, and has, on each occasion, been upheld. Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761; Louisiana State Board of Medical Examiners v. Tackett, La.App., 71 So.2d 137; Louisiana State Board of Medical Examiners v. Cronk, 157 La. 321, 102 So. 415 as well as Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324. There is *168 nothing arbitrary or discriminatory about the act. As was stated in the Beatty Case [220 La. 1, 55 So.2d 764]:
“That this statute does not violate the due process clause of the state and federal Constitutions has already been determined by this Court and the Supreme Court of the United States in the 'Fife case. In truth, the argument now made on this score is not in reality grounded on the due process clause but is a rehash of the same contention made under the asserted denial of equal protection of the. laws.”
The contention by defendant that petitioner has no right to file suit in this matter is clearly without merit as LSA-R.S. 37:1286 provides:
“The board, through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practising medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.
“In the suit for an injunction, the board, through its president, may demand of the defendant a penalty of not more than one hundred dollars, and attorney’s fees not to exceed fifty dollars, besides the costs of court. This judgment for penalty, attorney’s fees, and costs may be rendered in the same judgment in which the injunction is made absolute.
“The trial of the proceeding by injunction shall be summary and by the judge without the jury.”
On trial on the merits, it was shown that the defendant did not have a certificate or permit for the practice of medicine as is required by the statute. It was further shown that the defendant is engaged in the practice of chiropractic, and a receipt issued and signed by defendant for “Chiropractic Service” was introduced into the record.
 The evidence conclusively shows that the defendant was a chiropractor. The Courts of this State have repeatedly held that the practice of chiropractic is within the scope of the practice of medicine, and is, therefore, within the terms of the statute. The Fife case, cited supra, went all the way up to the United States Supreme Court and was affirmed. In that case, our Supreme Court said [162 La. 681, 111 So. 60]: “To practice chiropractic is to practice medicine.” In our most recent case of Louisiana State Board of Medical Examiners v. Booth, La.App., 76 So.2d 15, we held:
“ * * * It is pertinent to state here that the practice of chiropractic is that of medicine as defined by L.S.A.-R.S. 37 ¡1261-37 :Í313. The law contained in the revised statutes as redrafted was previously contained in Act 56 of 1914 and. Act 54 of 1918. The State Supreme Court and the United States Supreme Court have held that the statute did not violate the due process clause of the Constitution or the equal protection clause.”
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.
Rehearing denied.
TATE, J., recused.
CAVANAUGH, Judge ad hoc by appointment.