HARDY, Judge.
This is an action which seeks to enjoin defendant from the alleged practice of medicine, under the provisions of LSA-R.S. 37:1261 et seq. In limine, defendant filed exceptions of want of legal capacity to institute suit and lack of authorization, which exceptions were overruled by the District Court. After trial there was judgment in favor of plaintiff, from which defendant has appealed.
The only issue presented for determination in this appeal was raised by defendant’s exceptions, which served to question the authority of plaintiff’s representative officer to file the instant suit.
The principle of pleading appropriate to the question tendered herein was thoroughly discussed in an article by Professor McMahon, 11 T.L.R. 527, under the general heading, “Parties Litigant in Louisiana”,- and, particularly, with reference to the exception o'f want of capacity (cf. op. cit. 550).
Counsel for plaintiff urges that the point raised has been disposed in the case of Louisiana State Board of Medical Examiners v. Weller, La.App., 77 So.2d 166, but we do not so construe the issue which was tried in the cited case. Our brethren of the First Circuit. devoted their attention only to the question of authority for the institution of the suit by the Board, whereas the instant case poses the proposition as to the authorization of the President of the Board to bring suit.
The Louisiana State Board of Medical Examiners consists of five members' appointed by the Governor. LSA-R.S. 37 :- 1262.
Among the enumerated, duties and powers of the Board is found the authorization of any member to make affidavit for the issuance of any authorized action for injunction or other legal process. LSA-R.S. 37:1269. '
The specific authorization for the issuance of an injunction .is found in LSA-R.S. 37:1286, which empowers the Board, through its proper officer, to cause to be issued a writ enjoining any person from practicing medicine.
Defendant here contends, upon the basis of the above statutory provisions, that an|i' suit for injunction must:
(1). Be ' authorized by the Board, and
(2). Instituted by the Board through its proper officer.
The only question, here presented is directed not to a showing of the authority of the Board to bring this action, but to the evidence of authorization by the Board of an appropriate officer charged with the specific responsibility and duty of instituting this suit.
Reference to the verification of plaintiff’s petition shows that the same was attested by the President of the Louisiana State Board of Medical Examiners, but it does not indicate that the said President'wás au *356 thorized nor empowered by the Board itself to bring such action.
Under the circumstances we are resolved that the exceptions should have been maintained, and, accordingly, it is ordered, adjudged and decreed that defendant’s exception of want of authority be and it is hereby sustained; the judgment appealed from is annulled and set aside and this case is remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, for further proceedings not inconsistent with this opinion.