## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

v.

### William S. BOYD.

## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

v.

### Herman J. RACCA.

## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

v.

### Melvin D. EASTMAN.

## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

v.

### Jerry R. ENGLAND.

### Civ. A. Nos. 6089–6092.

United States District Court
W. D. Louisiana
Lake Charles Division.

May 13, 1957.

Adams & Reese, New Orleans, La., Plauche & Stockwell, Lake Charles, La., for plaintiff.

J. Minos Simon, Lafayette, La., Griffin T. Hawkins, Lake Charles, La., for defendants.

HUNTER, District Judge.

Plaintiff instituted these proceedings in the Calcasieu Parish Court, seeking an injunction restraining defendants from practicing medicine without a license. Defendants filed petitions for removal and plaintiff thereupon moved to remand. From the petitions of removal, it is clear that defendants seek here and now to test the constitutionality of the State statute, pursuant to which the actions have been brought.[1]

When disposing of motions to remand, we must be ever mindful that removal statutes are strictly construed, and that removal should not be granted if there is doubt, and in order to sustain the jurisdiction of a federal court on the grounds of a federal question in a case removed thereto from the state court, the federal question must clearly appear on the face of plaintiff's statement of his own case unaided by answer or petition for removal.[2] Projected against these legal principles, all that we have here are actions instituted in a state court on a complaint which makes no mention of, or any showing of, any claim or right arising under a law of the United States. Under such circumstances the cases cannot be removed to this court.

There is a more compelling reason why the motions to remand must be sustained, and that is because the constitutional questions raised in defendants' petition for removal were all considered and decided in Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed by the United States Supreme Court, 274 U.S. 720, 47 S.Ct. 590, 71 L. Ed. 1324. We have not overlooked the suggestion earnestly pressed upon our attention that we should reapprise Fife in the light of the philosophy of the recent civil rights cases[3] wherein the Supreme Court is said to have adopted an entirely different concept of the transcendent effect of the equal protection clauses of the 14th Amendment as applied to state political and social philosophies. There is nothing in the so-called civil rights cases indicating a disposition to reverse, modify, or repudiate Fife, and it is not the function of this court to theorize on decisions of the Supreme Court in order to prophesy the trend of those decisions. It is sufficient that the Supreme Court has authoritatively spoken on the question before us and we are bound until it speaks again. This obligation is fundamentally vital to our judicial system and no amount of casuistry can permit us a departure from it.

Though not essential to the disposition of the case, it seems appropriate to add that there are other considerations deeply rooted in reason and in the compelling traditions of the judiciary that require remand. The relation of the United States and the courts of the United States to the states and the courts of the states is an extremely delicate matter, and thoughtful people have been and are deeply concerned over it. An intolerable condition would arise if, whenever about to be charged with violating a state law, one were freely permitted to contest its validity by removing it here. Out of deference to the dignity of the states and an abundance of caution that their functions should not be hampered without sufficient cause, this court will not indulge in the assumption that federal rights cannot be adequately protected in state courts.

We cannot believe that this section (Removal) was intended by Congress to be so far reaching in its results or that a reasonable construction of it requires us to hold that the State of Loui-

1. LSA–R.S. 37:1261 et seq.

2. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702. See Moore's Fed. Pract. 2d Ed. Vol. 2, Para. 2.07.

3. The Segregation Cases, as normally referred to by the Supreme Court, are *Brown v. Board of Education of Topeka*, May 17, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (known as first decision); and same case, May 31, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (known as second decision).

siana, by its constitution and laws, denies or prevents or impairs the enforcement in its judicial tribunals of rights secured by any law providing for the equal rights of citizens of the United States. If and when the highest state court refuses to follow and secure to defendants any rights of theirs under the Federal Constitution, they can have the United States Supreme Court itself determine the matter, which is the appropriate and only feasible way to accomplish the result without bringing the courts into a hopeless conflict.

The motions to remand should be sustained. They are.