FRUGÉ, Judge ad hoc.
Defendant appeals from a judgment permanently enjoining him from practicing medicine in any of its phases in the State of Louisiana, until such time as he acquires a license to do so.
This is a suit brought by the Louisiana State Board of Medical Examiners, under authority granted by LSA-R.S. 37:1286, to enjoin George E. Anton, a chiropractor, from engaging in the practice of medicine in the State of Louisiana, until such time as he procures a license to do so. To the petition, defendant filed exception of vagueness, exception of no cause of action, and exception of no right of action, along with a general denial. The exceptions were referred to the merits and the entire cause was thus heard. Although the petition prayed for the issuance of a preliminary injunction and, ultimately, a permanent injunction, by agreement of counsel, the entire evidence was heard at one and the same time and, it was agreed that, if judgment were to be rendered in favor of the plaintiff, permanent injunction would issue, dispensing with the necessity of a preliminary injunction.
Upon trial, judgment was rendered in favor of plaintiff, permanently enjoining defendant, George E. Anton, from practicing medicine in any of its phases in the State of Louisiana, until such time as he acquires a license to do so. Hence this appeal.
Dr. Edwin H. Lawson, Secretary-Treasurer of the Louisiana State Board of Medical Examiners, testified that he had examined the records of the said Board and finds no evidence of a license to practice medicine having been issued to Dr. George E. Anton.
Mrs. Eunice Crane testified that Dr. George E. Anton maintained offices at municipal number 1122 Columbia Street, Boga-lusa, Louisiana, and that, according to a sign posted in-front of the premises, the office was maintained for the practice of chiropractic. This witness complained to Dr. Anton of suffering from a back condition, whereupon Dr. Anton took X-rays of the lady’s spine and advised her that she had too many bones in the lower spine, that the spine was crooked and that her neck was in bad shape. He used an instrument known as a nervoscope on her back, adjusted her back and rubbed an unidentified cream on her back. The witness testified that she received several such treatments *305 from Dr. Anton; that she had seen a diploma from the Palmer College of Chiropractic in his X-ray room, and that she had obtained from Dr. Anton a pamphlet concerning chiropractic treatment, said pamphlet is in evidence. The witness also testified that she paid for visits and treatments, said payments having been made to Dr. Anton.
Witness C. M. Wingo testified that Dr. Anton had taken X-rays of the witness, but, after becoming suspicious of the witness, believing that the witness might be a detective employed by the Board of Medical Examiners, Dr. Anton refused to treat the said witness. There is no testimony in the record to refute the testimony of any off the forenamed witnesses.
The practice of medicine is defined as follows:
“As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon or midwife; or the using of any other title other than optician, to indicate that he is engaged in the business of refracting or fitting glasses to the human eye.” LSA-R.S. 37:1261.
The facts show that the defendant doctor or chiropractor, manipulated her back, and rubbed cream on her. The fact that there hangs a sign in front of the office, letting the public know that the office is maintained for the purpose of holding himself out for the practice of chiropractic is indicative that the defendant is practicing medicine in contravention of the above statute. In maintaining the permanent injunction the trial judge must have come to that conclusion. We agree with him.
The landmark case, holding that the practice of chiropractic is the practice of medicine and, as such is subject to license authority of the Board of Medical Examiners, is the case of Louisiana State Board of Medical Examiners v. Fife, which was decided by the Supreme Court of the State of Louisiana in 1927, and which was affirmed by the Supreme Court of the United States. See Louisiana State Board of Medical Examiners v. Fife, 1927, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324.
This Court had occasion to pass on the issues herein involved, in the case of Louisiana State Board of Medical Examiners v. Stephenson, 93 So.2d 330; and also in the very recent case of Louisiana State Board of Medical Examiners v. Lensgraf, 101 So. 2d 734, 735.
Our decision in the Lensgraf case, supra, disposes of every issue which could conceivably occur in a current case. We said:
“Plaintiff’s initial contention is that the practice of chiropractic is not the practice of medicine and is therefore not subject to the regulatory statute in question. However, this contention has been rejected by a long line of jurisprudence; and it is well settled that the practice of chiropractic is among the activities which cannot be engaged in without a medical license”.
The question of constitutionality was not raised in the trial court but defendant interposed the plea before this court on *306 .appeal challenging constitutionality of the •statute supra, as being violative of the Fourteenth Amendment, Section 1 of the ■Constitution of the United States of America. This plea cannot be raised on appeal.
We find no error in the judgment of the District Court. For the above and foregoing reasons, the judgment of the District ■Court is affirmed.
Affirmed.