STATE of Louisiana
v.
**L. T. MURPHY and R. E. Harvey.**

STATE of Louisiana
v.
**H. C. SLOAT.**

Crim. A. Nos. 15312, 15313.

United States District Court
W. D. Louisiana,
Monroe Division.

June 4, 1959.

Albin P. Lassiter, Dist. Atty., Fourth Judicial Dist., Monroe, La., for plaintiff.

Harvey G. Fields, Farmerville, La., J. H. Dorman, Monroe, La., Ward-Steinman & Crenshaw, Alexandria, La., for defendants.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

We are asked here to accept jurisdiction of these criminal prosecutions, begun by indictments in the State Court and brought under the provisions of LSA–R.S. 37:1261 et seq., commonly referred to as the Louisiana Medical Practice Act.

Defendants, who are Chiropractors, have sought to remove the cases to this Court under authority of 28 U.S.C.A. § 1443, contending in their petitions for removal that the State statute is unconstitutional on its face and is violative of their rights under the Fourteenth Amendment, in that it is " * * * discriminatory, arbitrary and an unreasonable exercise of the police power of the State of Louisiana * * * ". They further urge that the statute " * * * is so framed and [construed] by the Courts of the State of Louisiana as not to extend to, and embrace, all persons equally, or who may be in like situations and circumstances, and the classification is not natural and reasonable, but is arbitrary and capricious * * * "; and that it " * * * confers arbitrary power on the Louisiana State Board of Medical Examiners * * * and that said power * * * is made arbitrary because it is not controlled by any fixed rule, or standard * * * ". They further allege that, in the exercise of this "arbitrary power", the Board " * * * has adopted the arbitrary practice of systematically excluding Chiropractors

as candidates eligible to stand an examination before said Board * * *", etc.

As authority for their claims that this Court has jurisdiction to handle the cases, as so removed, defendants rely upon the recent case of England v. Louisiana State Board of Medical Examiners, 5 Cir., 259 F.2d 626, certiorari denied 79 S.Ct. 1149. The State has filed motions to remand, which now are before the Court for action.

As to defendants' contention that the statute is unconstitutional on its face, the England case did not so hold. What and all that the majority opinion held was that the District Court had, and should exercise, jurisdiction to pass upon the merits of the case, which was an original civil action brought by a number of Louisiana Chiropractors, seeking declaratory and injunctive relief against the effect of the statute and the allegedly wrongful actions of the State Board. The Court said that a "substantial federal question" was presented, and that those plaintiffs were entitled to their day in court, in order to attempt to prove the alleged wrongful discrimination.

█ Prior to that decision, the Louisiana Supreme Court, in Louisiana State Board of Medical Examiners v. Fife, 1926, 162 La. 681, 111 So. 58, 54 A.L.R. 594, had held that the statute itself did not violate either the State or Federal Constitution, and this holding was affirmed by the United States Supreme Court in a per curiam opinion rendered on May 2, 1927, at 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324. We are bound by that decision, until it is overruled or modified by the United States Supreme Court itself. Hence, we do not have jurisdiction in these removed cases, to pass upon the constitutionality vel non of the statute as written.

█ As to the alleged unconstitutional maladministration of the statute, either through recent interpretations of it by Louisiana's Courts or by the practices of the State Board, again we do not have jurisdiction to try the cases or to afford defendants the relief they seek. Their proper remedy, instead, is to raise these questions, not here by way of removal, but in the State Courts, seeking, if necessary, ultimate recourse to the United States Supreme Court, which under the law has the right to review the decisions of Louisiana's appellate Courts on federal questions. In support of this view, see 45 American Jurisprudence 888, et seq., "Removal of Causes", § 109:

"It is not every denial of, or inability to enforce in the state tribunals, any of those rights which are secured to every citizen by any law providing for equal civil rights of citizens of the United States that is within the contemplation of the statute giving a right of removal on that ground; to justify a removal on this ground, the statute contemplates primarily, if not exclusively, a denial or inability to enforce such right which results from the Constitution or laws of the state. And it is only when such hostile state constitutional provision or state legislation can be shown to exist as to interfere with the party's right of defense that he can have the case removed to the Federal court.

* * * * * *

"The remedy for alleged denial of, or inability to enforce, equal civil rights which does not primarily result from the state Constitution or laws themselves, but from their maladministration, lies, in the first instance, to the higher state courts, and ultimately thence, by appropriate proceedings, to the revisory powers of the courts of the United States. * * *" (Emphasis supplied.)

See also, to the same effect, 76 C.J.S. Removal of Causes § 94, p. 983.

For these reasons, we find that we do not have jurisdiction of these cases, and, accordingly, the motions to remand must be, and are hereby, Granted.