**Walter W. D. HEANEY, James J. Barile, Frank P. Mechler, B. L. Black, Reginald Gold and Barry Markson, Plaintiffs,**

v.

**James E. ALLEN, Commissioner of Education of the State of New York, Julius Dintenfass, Bernard Lewis, Mahlon Blake, C. Gorham Beckwith, John B. Long and Sam J. Piliero, constituting the State Board of Chiropractic Examiners, Howard J. Mosher, Secretary of the State Board of Chiropractic Examiners and Louis J. Lefkowitz, Attorney General of the State of New York, Defendants.**

**No. 68–C–1222.**

United States District Court
E. D. New York.

May 5, 1969.

Joseph Goldberg, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., of the State of New York for defendant Allen; Samuel A. Hirshowitz, First Asst. Atty. Gen., Hillel Hoffman, Asst. Atty. Gen., of counsel.

BARTELS, District Judge.

Plaintiffs bring this action on behalf of themselves and other chiropractors similarly situated, alleging the unconstitutionality of Article 132 of the New York State Education Law, McKinney's Consol.Laws, c. 16, and asserting juris-diction of the Court under 28 U.S.C.A. §§ 1331, 2201, 2202, 2281 and 2284, and move to convene a three-judge court pursuant to 28 U.S.C.A. § 2281, to consider their application for (1) a declaratory judgment declaring unconstitutional Article 132; (2) a permanent injunction restraining defendants from enforcing Article 132; and (3) a preliminary injunction restraining enforcement of the above cited law. Defendants respond with a cross-motion pursuant to Rule 12(b), Fed.Rules Civ.Proc., 28 U.S.C.A., to dismiss the action upon the ground that the complaint does not state a claim upon which relief may be granted.

**I**

With two exceptions, plaintiffs, recipients of degrees of "Doctor of Chiropractic", are unlicensed to practice chiropractic in New York State pursuant to the requirements of Article 132. They claim they are qualified to do so but are prohibited by Article 132 and, in particular, by Section 6552 thereof, which requires them to pass written examinations for the practice of chiropractic and also examinations in the basic subjects of anatomy, physiology, chemistry, hygiene, bacteriology, pathology, diagnosis and the use and effects of x-ray. They point to Section 6550 of the Education Law defining "chiropractic" as follows:

"As used in this article:

\* \* \* \* \* \*

4. 'The practice of chiropractic' means a method of detecting and correcting, by manual or mechanical means essential to the practice of chiropractic, structural imbalance, distortion, or subluxation in the human body for the purpose of removing nerve interference and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxations of or in the vertebral column."

There is no possible relation, plaintiffs contend, between the practice of chiropractic and the additional basic subjects upon which they are required to pass an examination. The questions on these

subjects are prepared by the New York State Board of Medical Examiners and utilized by the Department of Education pursuant to Section 6552 of the Education Law. Plaintiffs argue that Section 6507 of the Education Law, authorizing the Board of Medical Examiners to submit questions to the Department of Education in specific fields, does not authorize that Board to prepare and submit questions on "hygiene", "bacteriology", "diagnosis and the use and effects of x-ray" and that accordingly the questions submitted to the applicants are unauthorized, and that Section 6552 represents an unconstitutional delegation of authority to the Board of Medical Examiners. This last claim lacks constitutional dimensions and consequently will not be deemed relevant. The statute makes it a misdemeanor for any person not licensed, as provided in Article 132, to practice chiropractic after October 1, 1964.

## II

A three-judge court should not be convened by the District Court where the constitutional attack upon the State statute is insubstantial, Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Idlewild Bon-Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), and particularly where that insubstantiality appears "from the previous decisions of [the Supreme Court] as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938); Green v. Board of Elections of City of New York, 380 F.2d 445, 448 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968). In this case the Court is not writing on a clean slate. This particular statute has been attacked upon substantially the same grounds in Wasmuth v. Allen, 14 N.Y.2d 391, 252 N.Y.S.2d 65, 200 N.E.2d 756 (1964), and held constitutionally valid. Referring to the practice of chiropractic, the Court of Appeals said (p. 399, 252 N.Y.S.2d p. 71, 200 N.E.2d p. 760):

"Chiropractic, having to do with the health and well-being of the people, requires a high degree of general knowledge and technical skill and is a field where the power of the State may well be asserted to make sure that only properly qualified persons shall undertake its responsible and difficult duties. As the Justice below pointed out, the challenged statute has conferred on chiropractors privileges which we have held they could not claim as a matter of constitutional right (Chiropractic Ass'n, of New York [Inc.] v. Hilleboe, supra [12 N.Y.2d 109, 237 N.Y.S.2d 289, 187 N.E.2d 756 (1962)]. This is ample to meet the challenge that the statute is unconstitutional."

Appeal to the Supreme Court was dismissed for want of a substantial Federal question, 379 U.S. 11, 85 S.Ct. 86, 13 L.Ed.2d 23 (1964).[1]

A similar attack was made upon a more restrictive Louisiana statute, which did not recognize the practice of chiropractic as a separate healing art but permitted its practice only by those who had complied with the requirements of .the Louisiana Medical and Surgical Act. Under this statute an applicant was required, *inter alia*, to pass examinations in anatomy, physiology, chemistry, physical diagnoses, pathology and bacteriology, hygiene, surgery, theory and practice of medicine, materia medica, obstetrics and gynecology. This statute was assailed in

---

1. An appeal dismissed for want of a substantial Federal question means that every question brought for decision is "so clearly not debatable and utterly lacking in merit as to require dismissal for want of substance." Hamilton v. Regents of University of California, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343 (1934); Johnson v. Town of Deerfield, 25 F.Supp. 918 (D.Mass.1939), affirmed, 306 U.S. 621, 59 S.Ct. 791, 83 L.Ed. 1027 (1939), reh. denied, 307 U.S. 650, 59 S.Ct. 832, 83 L.Ed. 1529 (1939).

Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594 (1926), aff'd per curiam, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324 (1927), where the defendants were enjoined from practicing chiropractic because they failed to comply with the requirements of the Louisiana Medical and Surgical Act. Defendants contended in that case that the examinations upon the subjects of surgery and materia medica had no reasonable relation to the practice of chiropractic and that the effect of the examination was to suppress the practice of chiropractic in Louisiana. Because of this, defendants claimed they were deprived of liberty and property without due process and denied equal protection of the laws since other healing professions (dentistry, osteopathy, podiatry and nursing) were not subject to the provisions of the Act. The Louisiana Supreme Court rejected the defendants' constitutional claims, stating (111 So. p. 61):

"While materia medica and surgery are not used in the chiropractic system, still they, as well as other subjects required by the act,  *  *  * bear a relation to the practice of medicine as a general science and that, in view of the fact that the Legislature is not bound to recognize every school of medicine, and deal with it as such, is sufficient to prevent the act from being unconstitutional."

This decision was affirmed by the United States Supreme Court, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324 (1927), upon the authority of Dent v. West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889); Douglas v. Noble, 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590 (1923), and Graves v. Minnesota, 272 U.S. 425, 47 S.Ct. 122, 71 L.Ed. 331 (1926).

In spite of *Fife*, the Louisiana statute was again questioned in England v.

Louisiana State Board of Medical Examiners, 259 F.2d 626 (5th Cir. 1958), where the Court of Appeals reversed the District Court which had dismissed a complaint brought by chiropractors asserting the unconstitutionality of the statute. Simultaneously the Court remanded the case for a hearing upon the issue of the existence of a substantial Federal question, Judge Wisdom dissenting. A petition for a rehearing was denied in England v. Louisiana State Board of Medical Examiners, 263 F.2d 661 (5th Cir. 1959), cert. denied, 359 U.S. 1012, 79 S.Ct. 1149, 3 L.Ed.2d 1036 (1959). Six years later the matter was again brought before a three-judge court in England v. Louisiana State Board of Medical Examiners, 246 F.Supp. 993 (E.D.La.1965) [2] and that Court denied the application for an injunction and dismissed the complaint, saying (p. 997):

"But there has been no showing here that the state has done more than is necessary to protect the health of its citizens. A difference of opinion as to whether one who purports to practice a complete healing art should have a medical education is not proof of unreasonable disregard of plaintiffs' rights."

This decision was in turn affirmed by the United States Supreme Court, 384 U.S. 885, 86 S.Ct. 1924, 16 L.Ed.2d 998 (1966), and a rehearing denied, 385 U.S. 890, 87 S.Ct. 15, 17 L.Ed.2d 123 (1966).

In this context the Court must conclude that the constitutional questions here raised have been considered by the Supreme Court and have been found insubstantial and insufficient to justify the invocation of a three-judge court to pass upon the constitutionality of the accused statute.

Plaintiffs' motion is denied and defendants' cross-motion is granted. This is an order.

2. In the meantime a three-judge court, after applying the doctrine of abstention, had dismissed another complaint attacking the statute, which dismissal was reversed and the case remanded for trial in the Federal court on the merits of the constitutional issues. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).