REDMANN, Judge.
Defendant, Chiropractor Frank Mooring, and intervenors, some 80 of his patients, appeal from a preliminary injunction restraining Mooring from practicing medicine until he has complied with the provisions of the Louisiana Medical Practice Act, LSA-R.S. 37:1261 et seq.
It appears uncontroverted that defendant is engaged in the practice of chiropractic, defined by its proponents as a system of adjusting or subluxating displaced vertebrae of the spinal column by hand for the restoration of health, Louisiana St. Bd. of Med. Exam’rs v. Cronk, 157 La. 318, 102 So. 415 (1924).
Plaintiff’s petition was met with an “answer” declining to answer and citing U.S. Const. Amend. V’s privilege against self-incrimination. No attempt was made by defendant to rebut the allegations of the petition and supporting affidavits filed by plaintiff in support of its request for an injunction.
The petition of intervention alleges that intervenors are “patients of Dr. Frank Mooring-who is resisting this effort by the plaintiff to enjoin him from practicing chiropractic.”
Chiropractors are engaged in “the practice of medicine” within the provisions of LSA-R.S. 37:1261; Louisiana St. Bd. *65 of Med. Exam’rs v. Beatty, 220 La. 1, 55 So.2d 761 (1951); Louisiana St. Bd. of Med. Exam’rs v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594 (1926), aff’d, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324 (1927); Louisiana St. Bd. of Med. Exam’rs v. Cronk, supra.
The United States Supreme Court has upheld the Louisiana Medical Practice Act against constitutional attacks on two occasions; England v. Louisiana St. Bd. of Med. Exam’rs, 246 F.Supp. 993 (E.D.La.1965), aff’d, 384 U.S. 885, 86 S.Ct. 1924, 16 L.Ed.2d 998 (1966); Louisiana St. Bd. of Med. Exam’rs v. Fife, supra.
Intervenors argue, however, that this appeal presents a question not considered in previous litigation. This is the right of intervenors, as chiropractic patients, to exercise a reasonable choice in the method of treatment of their ills.
Intervenors’ right to exercise this choice is correlative to that of the chiropractor;
“ * * * the State cannot deny to any individual the right to exercise a reasonable choice in the method of treatment of his ills, nor the correlative right of practitioners to engage in the practice of a useful profession.” England v. Louisiana St. Bd. of Med. Exam’rs, 259 F.2d 626, 627 (5 Cir. 1958).
Being correlative to the chiropractor’s right to practice, intervenors’ right may constitutionally be limited by the same regulations and restrictions which may be validly imposed upon the chiropractor by a state in the interest of public health and welfare. See the somewhat analogous Head v. New Mexico Bd. of Exam’rs in Optometry, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963).
Appellants also complain that the use of verified pleadings and affidavits at the hearing below deprived them of a full hearing on the merits. We believe that the trial judge’s order in this respect is fully within the discretion granted him by LSA-C.C.P. art. 3609 governing preliminary injunction. Appellants may present additional admissible evidence on the trial for permanent injunction; see Pearce v. Johnson, 213 So.2d 117 (La.App.3d Cir. 1968), cert. denied 252 La. 960, 215 So.2d 129.
Counsel for defendant further complains that he was not served with a copy of the court’s order as required by art. 3609:
“ * * * If the application [for a preliminary injunction] is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.”
We consider the lack of a copy of the order insignificant under the circumstances. The judge’s handwritten order to limit proof to verified pleadings and affidavits was signed in the presence of defendant’s counsel on the date originally set for hearing, March 26, 1969, when it was postponed until March 31 to allow appellants time to apply for writs. A copy would have been superfluous but could have been made had defendant desired.
Art. 3609 requires copies of affidavits to be delivered to the adverse party 24 hours before the hearing (or such shorter time as the court might order), which was not done. However, defendant was fully apprised by the petition of the names of persons alleged to have been treated by him and the dates of treatment and the kind of treatment, which was the substance of the supporting affidavits. Defendant does not suggest any disadvantage he suffered by not having the allegations in affidavit form; he certainly was in a position to have prepared counter-affidavits. Thus, although we recognize the importance of the adverse party’s right to have copies of the affidavits beforehand, in substance defendant did have several days earlier all the information art.. 3609 is designed to provide him.
The judgment appealed from is affirmed at defendant’s cost.
Affirmed.