KOTT et al. v. UNITED STATES.

No. 11929.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1947.

Rehearing Denied Nov. 19, 1947.

Louis Halle, of New York City, Jacob H. Morrison, of New Orleans, La., and Wood H. Thompson and Thos. W. Leigh, both of Monroe, La., for appellants.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for the U. S.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The appellants were convicted under Count 3 of an indictment which charged a substantive violation of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 904, by the sale of liquor in excess of the ceiling price and which indictment also, under Count 4, charged a conspiracy to violate that Act.

It is in evidence that Comel John, a merchant dealing in illicit liquor in Vicksburg, Mississippi, and who was working in liaison with agents of the Alcohol Tax Unit of the Treasury Department, contracted, in the State of New York, for the purchase of the liquor for $20 per case in excess of the ceiling price. He paid the legal, or ceiling, price in New York before the liquor was shipped to the John's Beverage Company at Tallulah, Louisiana, for whom John claimed to be acting, and before the bill of lading was released in New York the sellers required John to pay to defendant Kott, who was then in Tallulah, the sum of $7,120, the agreed amount in excess of the ceiling price.

By arrangement between John and the Federal agents, this $7,120 had been marked by the agents before payment by John to Kott. The latter had come to Jackson, Mississippi, for the purpose of collecting the over-ceiling money, but upon John's insistence Kott came to Tallulah to get the money. After paying over the money, John gave some prearranged signal to the Federal agents, who shortly thereafter overtook John and Kott as they traveled in an automobile along the highway from Tallulah toward Vicksburg. Without either a warrant or a search warrant, the agents arrested Kott, searched him, and took from his person the $7,120 of marked money paid to him by John.

The appellants filed a motion to transfer the case to the Southern District of New York. This motion was denied, as was also their motion for the suppression of the evidence and the return of the $7,120 which latter motion asserted that the evidence was illegally obtained in that there

was no warrant of arrest and no order of Court, and that the arrest of Kott and the seizure of the monies, paper, and memorand were illegal and in violation of the defendant's constitutional rights. This motion was also denied by the trial court, from which order an appeal was taken to this Court, which we have today dismissed because it is an appeal from an interlocutory order.[1]

The defendants were tried in the District Court for the Western District of Louisiana and the defendant Semel was acquitted, but the other defendants were convicted on Counts 3 and 4 and sentences under Count 4 were imposed as follows: Kott, imprisonment for 1 year and 1 day; Weiner and Needleman, imprisonment for six months and fine of $10,000 each. Sentences under the convictions on Count 3 were suspended and the parties put on probation for five years.

There are 17 specifications of error, but we think that the following only merit discussion here:

1. That no offense was committed in the Western District of Louisiana and that neither jurisdiction nor venue was lodged in the Court below.

2. That the case should have been removed to the Southern District of New York under defendants' motion based on Rule 21(b) of Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

3. That the defendants were entrapped into the commission of the alleged offense by the Federal agents, acting in concert with Comel John, and the Court should have directed their acquittal.

4. That the offense of conspiracy was completed upon the entering into of the agreement to commit an offense and did not require the commission of an overt act, wherefore the overt act committed in Louisiana was no part of the offense alleged in Count 4.

5. That the Court erred in giving certain charges and in refusing certain charges to the jury.

6. That the Court erred in admitting the testimony of John as to the statements made by one Hillman on the theory that John and Hillman were co-conspirators.

We shall dispose of these specifications in the order set out above.

First Specification. The evidence showed that the conspiracy was hatched in New York. It shows that an overt act was committed at Tallulah in the Western District of Louisiana in receiving the over-ceiling price at Tallulah which John paid to Kott, one of the conspirators. It is argued that in order to establish the offense of a conspiracy to violate the Act it is not necessary to prove an overt act, and that since an overt act is no part of the offense, the commission of an overt act in Tallulah would not confer jurisdiction upon the lower Court, nor lay the venue in the Western District of Louisiana. This argument is unsound. It is well established that in cases where it is not necessary to prove an overt act in order to prove an offense, nevertheless, the defendant in such a case may be tried in any district where an overt act was committed. See Hyde v. Shine, 199 U.S. 62, 25 S.Ct. 760, 50 L.Ed. 90; United States v. New York Great Atlantic & Pacific Tea Co., 5 Cir., 137 F.2d 459.

Moreover, the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 925, provides that criminal proceedings for violation of the Act "may be brought in any district in which any part of any act or transaction constituting the violation occurred, * * *."

We think that the acceptance of the over-ceiling price in the State of Louisiana was the ultimate act in the transaction and was sufficient not only to confer the jurisdiction upon the lower Court but to lay the

---

[1] Although there is no specific assignment of error in the present appeal based upon the overruling of the motion to suppress the evidence and return the money, nevertheless, since a constitutional question is involved, and since the question was properly raised in the Court below by the motion to suppress, we think it appropriate that we take note on this appeal of the question raised and argued under the appeal from the interlocutory order overruling the motion for the suppression of the evidence.

venue in the Western District of Louisiana.[2]

Furthermore, Sec. 103, Title 28 U.S.C.A. provides that: "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

 Second Specification. The next contention of the appellants is that the case should have been removed to New York under their motion based upon Rule 21(b) of Federal Rules of Criminal Procedure,[3] but a reading of the rule is a sufficient answer to this contention for before a court makes an order for the transfer of a proceeding to another district it must be satisfied that it is "in the interest of justice" that the proceeding be transferred. We are of the opinion that the rule leaves the question of a transfer of that sort to the discretion of the District Judge, and that merely an erroneous exercise of that discretion will not require a reversal. An abuse of discretion is necessary. This holding would be contrary to the Sixth Amendment if no part of the offense had been committed in the Western District of Louisiana. Evidence sustains the conclusion that the acceptance of the money in Tallulah was a part of the substantive offense and an overt act in furtherance of the conspiracy.

 Third Specification. The question of whether or not there was an illegal entrapment by Pace, the Alcohol Tax Unit Agent, and John was submitted by the Court to the jury under appropriate and accurate instructions in which the lower Court told the jury, among other things, that: "The kind of entrapment that is recognized in law that cannot be done is where an officer of the law goes out and gets a person who has not theretofore been engaged in any criminal activities, and induces him to commit a crime, and then arrests him."

The foregoing statement is supported by innumerable decisions, one of which, by Judge Sibley as District Judge, is in United States v. Wray, D.C., 8 F.2d 429, 430, wherein there is the following statement: "On the other hand, officers of the United States may not induce persons, who would not otherwise have committed crime, to violate the laws and then prosecute for it. A sound public policy and a decent fairness forbid it. It is not, therefore, properly speaking, the entrapment of a criminal that the law frowns down, but the seduction by its officers to commit crime." See also: Vol. 14, Words and Phrases, Perm. Ed., "Entrapment".

 There was sufficient evidence to sustain the view that Hillman was a co-conspirator who, as an agent of Defendants, gave Comel John the information and the telephone number whereby the parties were brought together in the deal. It is also in evidence that when John later called that telephone number and asked for Hillman, the appellant Kott answered and stated that Hillman was not there, and when John inquired as to the price of the whiskey that Hillman had told him about, Kott told him that he could not give prices over the telephone but that if John would come to New York he would then make him a proposition. At that time there had been no entrapment nor inducement by any one connected with this case. These circumstances are such as would justify the

---

[2] See. 942, Title 50 U.S.C.A.Appendix, provides that:

"(a) The term 'sale' includes sales, dispositions, exchanges, leases, and other transfers, and contracts and offers to do any of the foregoing. The terms 'sell', 'selling', 'seller', 'buy', and 'buyer', shall be construed accordingly.

"(b) The term 'price' means the consideration demanded or received in connection with the sale of a commodity."

[3] "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceedings should be transferred to another district or division in which the commission of the offense is charged." Rule 21(b), Federal Rules of Criminal Procedure.

jury in concluding that Kott and his associates were not novices in the black marketing of liquor.

■ One who is regularly engaged in the sale of illegal liquor is not illegally entrapped into violating the law merely because a Federal officer also buys, or causes to be bought, illicit liquor from such regular vendor.

■ Fourth Specification. The next contention of the appellants is that the offense of the alleged conspiracy was completed upon the entering into of the agreement in New York, and that the commission of an overt act is not an element of such an offense. In making this assertion they overlook the language of Sec. 88, Title 18, U.S.C.A., which provides: "If two or more persons conspire either to commit any offense against the United States, * * * *and one or more of such parties do any act to effect the object of the conspiracy,* each of the parties to such conspiracy shall be fined * * *." (Emphasis supplied.)

■ We are aware that under the common law or under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, it is not necessary to allege an overt act in order to set forth the offense of conspiracy, but even then if the indictment is brought in a state and district other than that in which the conspiracy is hatched it is proper to allege the commission of an overt act within the state and district where the indictment is brought in order to comply with the provisions of the Sixth Amendment.

· Fifth Specification. We have examined the contentions of the defendants as to the giving or refusal of charges to the jury but we fail to find reversible error therein.

■ Sixth Specification. We think there was also sufficient evidence in the record to justify an inference that Hillman and John were co-conspirators. Hillman's connection with the case has been set out above, and although John lent his services readily to the Federal agents in assisting in securing evidence of the violation of the Act, nevertheless the jury, with all good reason, could conclude that his cooperation with the Federal agents did not necessarily relieve him of complicity in the conspiracy. His purpose in so doing could have been to get a supply of liquor for John's Beverage Company and at the same time to curry favor with the agents in order to keep from being indicted. Admittedly he entered into an unlawful agreement to buy liquor above the lawful price and any expectation that the Federal agents would recapture the money paid by him and return it to him would not make his act legal. His connection, purpose, and motive were for the jury.

■ In reference to the contention that the arrest of Kott and the taking of the marked money from his person were illegal and in violation of constitutional rights of Kott so as to render evidence secured thereby inadmissible, we think it sufficient to say that there is evidence tending to show that the offense, particularly the conspiracy, was hatched in Officer Pace's presence. He had gone to New York with John for the purpose of watching or listening to the transaction and was there when the deal was agreed upon. He had been present on occasions when the matter was discussed and had heard the conversations. He had been kept fully conversant with the progress of the matter by John, who was acting in cooperation with Pace and the Federal agents. Because of the knowledge which he had of the understandings, discussions, the presence of Kott in Tallulah and the purpose for which he had come, we are not prepared to say that the arrest of Kott and the seizure of the money were unreasonable. In fact, we entertain the contrary view.

We have considered all the specifications of error of appellants but find in them no reversible error. The evidence was sufficient to sustain the verdicts. The judgment of the Court below is affirmed.