**UNITED STATES of America,**

v.

**George B. PARR.**

**Cr. No. 6011.**

United States District Court
S. D. Texas, Corpus Christi Division.
April 27, 1955.

Malcolm R. Wilkey, U. S. Atty., and James T. Dowd, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Everett L. Looney and Thomas James, Austin, Tex., Marvin K. Collie and Clyde L. Wilson, Jr., Houston Tex., for defendant.

KENNERLY, District Judge.

The defendant, George B. Parr, is charged by indictment in this court with having made false and fraudulent income tax returns for the years 1949, 1950 and 1951. There have been assigned to me for hearing four motions in the case. These have been heard under Local District Court Rule 25, and are disposed of as follows:

1. *Defendant's Motion for Bill of Particulars filed January 3, 1955, under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. reading as follows:*

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. A bill of particulars may be amended at any time subject to such conditions as justice requires."

██ (a) I think the Government's answers to Paragraphs I, II, III and IV, of defendant's Motion for Bill of Particulars require that such paragraphs of such Motion be, and they are denied.

██ (b) I think, however, that Paragraph V of defendant's Motion for Bill of Particulars should be granted, but *only to the extent set forth in Paragraph V of the Government's Answer to defendant's Motion.* But, if, after the Government has made the disclosures set forth in said Paragraph V of its Answer, the defendant is still unable to properly prepare his defense, he may again be heard in this matter.

2. *Defendant's Motion, filed January 3, 1955, for Discovery and Inspection under Rule 16 of the Federal Rules of Criminal Procedure, as follows:*

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the Government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

(a) Defendant moves for discovery and inspection of all "books, papers, documents, transcripts and tangible objects" relating to this case and in the "possession of Plaintiff" *which were obtained*

*from the defendant or belonged to the defendant or were obtained from others by seizure or process.*

Paragraphs I, II and III of the Government's Answer are as follows:

### "I.

"The Government does not have in its possession any books, papers, documents, transcripts or tangible objects relating to the within cause obtained from the defendant.

### "II.

"The Government does not have in its possession any books, papers, documents, transcripts or tangible objects relating to the within cause belonging to the defendant.

### "III.

"The Government does not have in its possession any transcripts relating to the within cause obtained from others by seizure or process."

■■■ Defendant's Motion is denied as to the matters set forth in Paragraphs I, II and III of the Government's Answer.

(b) The Government, in Paragraphs IV and V of its Answer, further replies to defendant's Motion as follows:

### "IV.

"The Government does have in its possession certain books, papers, documents and tangible objects relating to the within cause which were obtained from others by seizure or process.

### V.

"With reference to those items in Paragraph IV above, the Government stands ready to permit the Defendant and his attorneys, under proper supervision and at a time and place designated by the Court, to inspect, copy or photograph these books, papers, documents or tangible objects relating to the within cause provided that:

"(a) Defendant specifies which particular books, papers, documents or tangible objects he wishes to inspect, copy or photograph; and

"(b) Defendant establishes that the above items were obtained from others by seizure or process; and

"(c) Defendant establishes that such items are material to the within cause; and

"(d) Defendant establishes that such request then made is necessary to the proper preparation of the defendant's defense; and

"(e) Defendant establishes that such request then made is reasonable."

If Subparagraphs (a), (b), (c), (d) and (e) of paragraph V of the Answer of the Government be sustained, Rule 16 would be made noneffective. Defendant cannot specify what particular matter there is in the possession of the Government until he is awarded discovery and inspection. The Government in its above-quoted Answer admits that such matter was seized from others and it would be idle to require defendant to prove it. Presumably such matter is material to the within cause or the Government would not have seized it. Defendant cannot know what such matter is until he sees and inspects it, and cannot until then say whether it is necessary for the proper preparation of his defense, or whether his request is reasonable.

■■■ Discovery and inspection under Rule 16 should be and is granted without the conditions which the Government seeks to impose in Paragraphs IV and V of its Answer.

3. *Defendant's Motion for Subpoena Duces Tecum for Honorable Malcolm Wilkey, United States Attorney, under Rule 17(c) of the Federal Rules of Criminal Procedure, reading as follows:*

"(c) For Production of Documentary Evidence and Objects. A sub-

poena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

In Bowman Dairy Co. v. United States, 341 U.S. 214, 219, 71 S.Ct. 675, 678, 95 L.Ed. 879, a case similar to this, it is said that Rule 17(c) is chiefly to expedite preparation for the trial. It is also said:

"Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. In the interest of orderly procedure in the handling of books, papers, documents and objects in the custody of the Government accumulated in the course of an investigation and subpoenaed for use before the grand jury and on the trial, it was provided by Rule 16 that the court could order such materials made available to the defendant for inspection and copying or photographing. In that way, the control and possession of the Government is not disturbed. Rule 16 provides the only way the defendant can reach such material so as to inform himself.

"But if such materials or any part of them are not put in evidence by the Government, the defendant may subpoena them under Rule 17(c) and use them himself. It would be strange indeed if the defendant discovered some evidence by the use of Rule 16 which the Government was not going to introduce and yet could not require its production by Rule 17(c). There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary. That is not to say that the materials thus subpoenaed must actually be used in evidence. It is only required that a good-faith effort be made to obtain evidence. The court may control the use of Rule 17(c) to that end by its power to rule on motions to quash or modify.

"It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed material. United States v. Maryland & Virginia Milk Producers Ass'n, D. C., 9 F.R.D. 509. However, the plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial."

▇ In view of defendant's Motion for Bill of Particulars under Rule 7(f), and his Motion for Discovery under Rule 16, I think it would be premature to at

·this time grant defendant's Motion for subpoena duces tecum. It may or may not be needed in the preparation for the trial. Defendant's Motion for Subpoena Duces Tecum should and will remain on the Motion Calendar to await the outcome of defendant's Motions for Bill of Particulars and Discovery.

4. *Defendant's Motion to Change the Venue in this case from the Corpus Christi Division to the Laredo Division of the Court under Rule 21(a) of the Rules of Criminal Procedure, reading as follows (italics mine):*

"(a) For Prejudice in the District or Division. The court *upon motion of the defendant* shall transfer the proceeding as to him to *another district or division* if the court is satisfied that there exists in the district or division where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that district or division."

(a) The Government opposes the defendant's Motion. The pleadings, briefs, affidavits, exhibits, etc., filed and brought forth by both parties constitute a large record which I have examined and considered.

 The cases which the Government cites [1], many of which defendant also cites, have been examined. They are helpful. They hold generally that a defendant in a criminal case has the burden of proof and must make a proper showing under the statute or rules in order to obtain a change of venue to another district or division. Each case ·cited shows the facts in that case and points out why such facts do or do not authorize or require such a change. In most of them a change of venue is denied. They also discuss newspaper publicity, etc., as a ground for a change of venue. In all of them it is held that a change of venue is in the sound discretion of the court and must be determined on the facts of each particular case.

(b) Originally defendant's Motion was submitted on many affidavits and many newspaper clippings from certain Corpus Christi newspapers filed and offered by defendant, and a few affidavits filed and offered by the Government. Later the Government asked and was granted permission to and has also filed and offered many affidavits. All these I have carefully studied. They, along with other portions of the record, show the geographic location, population, etc., of the Corpus Christi and Laredo Divisions of the Court and of the county and town in which defendant resides. They also show the extent of circulation and places of circulation of the newspapers mentioned.

 Many different opinions, viewpoints and ideas are reflected by such affidavits. Apparently many of the persons making them are not at all familiar with, or overlooked the fact, that the Court must follow the method fixed and required by law in selecting, summoning, and empaneling a jury in this case. Some of them apparently were so uninformed about the law and court procedure that they erroneously regarded the Motion by defendant for a change of

---

1. Shockley v. United States, 9 Cir., 1949, 166 F.2d 704, certiorari denied 334 U.S. 850, 68 S.Ct. 1502, 92 L.Ed. 1773; Dennis v. United States, 84 U.S.App.D.C. 31, 171 F.2d 986, certiorari granted 337 U.S. 950, 954, 69 S.Ct. 1527, 93 L.Ed. 1754; United States v. Mellor, D.C.Neb., 1946, 71 F.Supp. 53, affirmed 8 Cir., 160 F. 2d 757, certiorari denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858; Kott v. United States, 5 Cir., 1949, 163 F.2d 984; United States v. Florio, D.C.S.D.N.Y. 1952, 13 F.R.D. 296; United States v. Lattimore, D.C.S.D.N.Y.1952, 112 F. Supp. 507; Kersten v. United States, 10 Cir., 1947, 161 F.2d 337, certiorari denied 331 U.S. 851, 67 S.Ct. 1744, 91 L.Ed. 1859; United States v. Carper, D.C.D.C.1953, 13 F.R.D. 483; Delaney v. United States, 2 Cir., 1952, 199 F.2d 107; Shushan v. United States, 5 Cir., 1941, 117 F.2d 110, 116, 133 A.L.R. 1040; Allen v. United States, 7 Cir., 1924, 4 F. 2d 688; United States v. Mesarosh, D.C. W.D.Tenn.1952, 13 F.R.D. 180.

venue as a reflection on the people of the Corpus Christi Division, etc. Some took sides for or against the defendant. A preponderance of the evidence reflected by such affidavits—and I have no doubt on the subject and find—that there exists in the Corpus Christi Division of the Court so great a prejudice against defendant that he cannot obtain a fair and impartial trial in this case in such division.

Regardless of their opinions, views, or ideas, substantially all of the persons who made such affidavits mention or refer to the publication of many articles about defendant in two newspapers published at Corpus Christi with large circulations in the Corpus Christi Division. Defendant has brought and offered in evidence clippings, etc., of a very large number of these articles or publications, extending over a period of several years and on down, which I have studied. I do not undertake to go into details about them, they speak for themselves. They are simply in evidence here and it is not within the province of the Court to either condemn or justify them. It is sufficient to say that the defendant has therein been given, during recent years, much publicity, generally very unfavorable and sometimes most unfavorable. Such publications, generally with prominent headlines, are directly or indirectly with respect to defendant or persons closely associated or said to be associated with him, and concern political matters, elections, law enforcement, taxation, etc., generally and in the town of San Diego, and in Duval County, where defendant resides, and in some adjoining counties. They are also with respect to the killing at night of a young man at Alice, Texas, in connection with which defendant and persons associated, or claimed to be associated, with defendant are mentioned. Also with respect to the stationing of Texas Rangers in Duval County, the investigation by the Attorney General of Texas and others of defendant and associates, and the affairs of Duval County and the enforcement of the law in such county. Also with respect to the impeachment of certain judicial and other officers thereof. Also with respect to many lawsuits filed on behalf of the State of Texas and the United States and others against defendant and/or those associated with him. Reference is made to the clippings for full particulars. These publications whether standing alone or when considered in connection with such affidavits, support, strengthen and confirm my view that there is so great a prejudice against defendant in the Corpus Christi Division that *he cannot obtain a fair and impartial trial there in this case.*

(c) This brings us to the question of where this case should be sent for trial. I discuss the suggestions shown in the Record.

■ I think it is clear that Rule 21 (a) hereinbefore quoted must be construed in the light of the Sixth Amendment to our Federal Constitution, as follows (italics mine):

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the *State and district wherein the crime shall have been committed,* which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

■ The construction placed upon this Amendment has uniformly been that unless a defendant in a criminal case *waives his right* to be tried in the district in which the crime was committed, the case cannot be lawfully sent to another district for trial.

■ The offenses with which defendant is charged are alleged in the indictment to have been committed in this district and this case must be tried in this district *unless the defendant has waived*

*his right in that respect.* An examination of the Record and particularly defendant's Motion, show definitely that he has not done so. The holding here then must be, and is, that this Court is without power to transfer this case to any other district.

■ I think it is clear that Rule 21 (a) hereinbefore quoted, and Rules 18 and 19 of the Federal Rules of Criminal Procedure, must be construed together. Rules 18 and 19 are as follows (italics mine):

"Rule 18. District and Division.

"Except as otherwise permitted by statute or by these rules, the prosecution *shall be had* in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed.

"Rule 19. Transfer Within the District.

"In a district consisting of two or more divisions the arraignment may be had, a plea entered, the trial conducted or sentence imposed, *if the defendant consents,* in any division and at any time."

■ Defendant is charged in the indictment with having committed such offenses in the Corpus Christi Division of the Court, and under Rules 18 and 19 must be tried there unless he has, as provided in Rule 19, *consented* to a trial in some other division.

■ An examination of the Record and defendant's Motion shows definitely that in filing and presenting his Motion under Rule 21(a) he has consented, as is his right, to a trial *only* in the Laredo Division. In fact, defendant says in his brief, "We wish to be clearly understood that if the case is not to be transferred to Laredo we prefer that it remain in Corpus Christi."

It is, therefore, under the law not within the power of the Court to transfer the case to either the Houston, Galveston, Victoria or Brownsville Division, but only to the Laredo Division.

Because of this view of the law I do not deem it necessary to decide, and because the information in the Record as to conditions in the Houston, Galveston, Victoria and Brownsville Divisions is very meager, I do not deem it proper to decide the questions raised as to those divisions.

(d) The Government raises another question.

As I understand the Government's presentation of these matters it did not, when the case was first submitted, claim that it could not obtain a fair and impartial trial at the Laredo Division, nor does it do so now. It says in its Brief filed (italics mine):

"That the Government would be under a *severe handicap* in prosecuting this defendant in the Laredo Division."

Later in its brief it modified such claim. It offers with its brief a large number of affidavits, about which affidavits it says in its brief (italics mine):

"The affidavits also show that the Government *might be* under a severe handicap in prosecuting this particular defendant in the Laredo Division, etc."

However, because of such claimed handicap the Government insists that the case be transferred to a division other than Laredo.

I have already discussed the lack of power in the Court to do so. I have also pointed out the state of the record with respect to conditions in the Houston, Galveston, Victoria and Brownsville Divisions.

■ But I have studied the briefs and affidavits of both the Government and defendant with respect to conditions in the Laredo Division. The Government's affidavits show that certain conditions are believed to exist. Defendant's affidavits show that it is believed that they do not exist. No overt acts are al-

leged or shown. Apparently there exists a political controversy of long standing at Laredo, and many, or some of those making the affidavits for the Government, and many or some of those making them for the defendant are in different political camps or hold radically different political views. The two groups, or some of them, seem to now see each other "through a glass darkly". It might be said facetiously that they seem to engender "more heat than light". Basing my findings, as I must, wholly on all the affidavits I do not think that the evidence shows that the Government either will or might "be under a severe handicap" in the prosecution of this case as claimed. I find to the contrary.

(e) My conclusion is that the Motion of the defendant as made should be granted and the venue of the case should be changed from the Corpus Christi Division to the Laredo Division.

Let appropriate orders be drawn and presented in accordance with Paragraphs 1, 2, 3 and 4 hereof.

ALLRED, J., concurs.