**Helen COTTINGHAM, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 12419.**

United States Court of Appeals Sixth Circuit.

Dec. 22, 1955.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky and George F. Lynch, Sp. Assts. to Atty. Gen., for petitioner.

Benjamin Mahler, New York City, for respondents.

Robert Ash, Washington, D. C., as amicus curiæ.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

Charles E. Lester, Jr., Lawrence Riedinger, Jr., Newport, Ky., for appellant.

J. Leonard Walker, Louisville, Ky., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Appellant was tried by a jury upon a three-count indictment charging wilful attempts to evade her federal income taxes by filing false and fraudulent returns for the years 1947, 1948, and 1949. She was adjudged not guilty on the first two counts and convicted on the third count of the indictment. A careful review of the record of the proceedings in the district court reveals no error prejudicial to the appellant. Whether to grant the appellant's motion for a bill of particulars was a question to be decided by the district court in the exercise of a sound discretion. Its discretion was in no way here abused. Eggleton v. United States, 6 Cir., 227 F.2d 493. Nor was there any prejudicial abuse of discretion in the court's refusal to transfer the proceedings to another district under authority of Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Kott v. United States, 5 Cir., 1947, 163 F.2d 984, 987. The challenged testimony of the witness Bruns was relevant and admissible as evidence of the appellant's guilty intent. 2 Wigmore on Evidence, 1940 Ed., Section 278. See Allen v. United States, 1896, 164 U.S. 492, 499–500, 17 S.Ct. 154, 41 L.Ed. 528. The court's instruction with respect to this testimony contained no incorrect statement of law or fact; it is objected to only because it denominated appellant's conduct, if Bruns were believed, as "wrongful and criminal," and might, therefore, in effect, cause the jury to find appellant guilty of a crime for which she had not been indicted. Viewed against the context of the instructions as a whole, we think that the court's language could not have misled the jury in the respect charged. The reference was clearly to the jury's duty to weigh the credibility of the evidence. Moreover, by reason of the verdict of not guilty on the first two counts of the indictment, it appears that the substance of Bruns' testimony was in fact disbelieved by the jury. Finally, we find no error prejudicial to the appellant in the court's instructions with respect to the failure to file a partnership return for the year 1946. We conclude that all substantial rights of the appellant were preserved by the trial court in this case. Rule 52(a) of the Federal Rules of Criminal Procedure.

The judgment of the district court is affirmed.