HARDY, Judge.
Defendant has appealed from a judgment of the district court enjoining him from practicing medicine until he shall have first obtained the certificate required by law.
This action was instituted by the Louisiana State Board of Medical Examiners under the provisions of LSA-R.S. 37:1261 et seq., known as the Medical Practice Act. The suit is the outgrowth of a prior action of similar nature between the same parties in which judgment was rendered by this court sustaining defendant’s exceptions of want of legal capacity and lack of authorization, reversing the judgment of the district court and remanding the case for further proceedings, La.App., 85 So.2d 354. Subsequent to such judgment plaintiff dismissed the first suit and filed the present action. On trial plaintiff offered in evidence a resolution, adopted April 22, 1956,, authorizing its President to institute and prosecute legal proceedings against this defendant for the purpose of procuring an injunction against said defendant prohibiting him from the practice of medicine in *544 the State of Louisiana without a license, in violation of LSA-R.S. 37:1286. Plaintiff further offered the record made up on trial of the former suit between these parties.
The above tendered evidence was objected to by counsel for defendant to the extent that such evidence enlarged plaintiff’s pleadings.
Before this court counsel for defendant urges that the evidence tendered on behalf of plaintiff is insufficient to sustain the judgment enjoining defendant from the practice of medicine. In support of this contention counsel argues that proof of the fact that defendant was not licensed to practice medicine on the date of June 17, 1955, which was the date of trial of the first suit, is not sufficient to sustain the conclusion that he was not so authorized on November 20, 1956, the date upon which the present suit was instituted. This argument is predicated upon the highly technical contention that proof that defendant was practicing medicine in violation of the statute in June, 1955, is not sufficient to establish the correctness of plaintiff’s allegations in its petition, filed November 20th, to the effect that defendant “ * * * is holding himself out to the public as being engaged in the business of diagnosing, treating * * * (etc., etc.) * *
In other words, counsel appears to take the position that plaintiff’s allegations in its petition filed November 20, 1956, to the effect that the defendant “ * * * is holding himself out to the public * * * ” as being engaged in the practice of medicine without a certificate authorizing such practice, required proof of the alleged illegal activities of defendant as of the very date of the filing of suit. Alternatively, the effect of this argument would be to hold that evidence of violations of the statute, which had occurred some eighteen months prior to' the filing of the instant suit, was stale and unresponsive. Counsel has not cited, nor have we been able to ascertain, any authority which would support this position. As we above observed, the contention impresses us as being supertechnical and entirely unreasonable.
As a practical proposition defendant is in the position of urging an untenable defense which, if valid, could easily have been tendered in evidence by him. It is inconceivable that any reasonable individual, faced with injunctive prohibition against his continuance in any endeavor which affords him a living, would fail, neglect or refuse to tender evidence which would prevent such a disastrous occurrence.
Much the same point has heretofore been urged before this court and was disposed in the case of State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592, 600 (writs denied), by the following statement:
“Further, as a purely practical proposition, we think it is obvious that if defendant was entitled to immunity by reason of exemption under the statute he would himself have plead and proved such fact without the necessity for a resort to hair-splitting technicality.”
The judgment is affirmed at appellant’s cost.