GLADNEY, Judge.
This appeal by the defendant is from a judgment granting an injunction restraining him from engaging in the practice of medicine without a license as required under the provisions of LSA-R.S. 37 :- 1261 et seq. In argument on behalf of appellant three errors are assigned to the decree from which he has appealed.
First, it is contended an exception of no cause of action should have been sustained as the acts of the defendant alleged in the petition as constituting the practice of medicine are too vaguely stated. Before discussing this point we note the defendant judicially admits he had never obtained the certificate or permit required under the provisions of Revised Statutes of 1950, R.S. 37:1270, LSA.
The practice of medicine is defined in Section 1261:
“As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other *509 nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a lincensed physician, surgeon or midwife; or the using of any other title other than optician, to indicate that he is engaged in the business of refracting of fitting glasses to the human eye.”
Paragraph one of plaintiff’s petition alleges :
“That your petitioner is informed and verily believes that Robert A. Boisvert, of legal age and a resident of the Parish of Rapides, State of Louisiana, is holding himself out to the public as being engaged within Rapides Parish, State of Louisiana, in the business of diagnosing, treating, curing or relieving bodily or mental diseases, conditions, infirmities, deformities, defects, ailments and injuries in human beings other than himself, and is examining such persons for such purpose; that he is also treating, curing and releaving bodily and mental diseases, conditions, infirmities, deformities, defects, ailments and injuries in human beings other than himself; and in connection therewith is using instruments and force, physical and psychic and other agencies and means and examining for compensation persons other than himself.”
The petition does not track closely the wording of Section 1261 and does not specifically set forth times, places and circumstances. As pleaded herein, undoubtedly, the exception of no cause of action seeks to accomplish the same result as a plea of vagueness or an objection to the admissibility of evidence in support of paragraph one of the petition.
This legal issue was disposed of by this court in State Board of Medical Examiners v. McHenery, 1953, 69 So.2d 592, 595, wherein Judge Hardy, as the organ of this court, stated:
“Counsel argues that Article 1 of plaintiff’s petition is primarily a verbatim duplication of the statutory definition of the practice of medicine, that the effect of the averment of paragraph 2 is simply to indicate defendant’s unlawful practice of medicine, which averments are ‘merely conclusions of the pleader, no facts being set forth upon which to base the same * * * contrary to the provisions of the Pleadings and Practice Act, LSA-R.S. 13:3601 et seq., and the established jurisprudence of the state.
“It is quite true that Article 1 of plaintiff’s petition closely follows the definition of the practice of medicine as set forth in LSA-R.S. 37:1261. However, when plaintiff alleges that the defendant is engaged in the defined acts, the effect is to allege that defendant is practicing medicine. The details as comprehended in the allegation in this instance are, therefore, not conclusions but facts. In other words, the plaintiff, in effect, is saying that the defendant has done and performed certain specified acts. Proceeding with its petition plaintiff avers in Article 2 thereof that the acts described constitute the practice of medicine under the statutes designated. We find nothing objectionable in this article since it merely elaborates the definition of the acts as described in Article 1. Article 3 is a plain, definite allegation that defendant has not obtained the certificate or permit required by law.
“Summarizing the three articles recited, it is clear that plaintiff has alleged (1) that defendant has performed certain acts; (2) that the acts performed constitute the practice of medicine, and (3) that defendant has failed *510 to obtain the required certificate or permit for the practice of medicine.
“Our appreciation of the allegations discussed fails to indicate that they have done violence to the requirements of ordinary and proper pleading, or that they have prejudiced the defendant in any respect. The argument that these allegations are mere conclusions possesses little merit, for, in our opinion, they constitute facts which, if established, would lead to the conclusion sought. In a broad sense every allegation of pleading is the foundation for a conclusion. We can conceive of no other method or manner of detailing the facts upon which this plaintiff could base its cause of action and seek the relief which is prayed. It is true that plaintiff might have specified times and places in which and circumstances and conditions under which the described acts were performed by defendant, but we know of no authority which makes such specification requisite or essential. It follows that defendant’s exception was properly overruled.”
Counsel for appellant relies upon State v. Varnado, 1944-1945, 208 La. 319, 23 So.2d 106 as authority for holding plaintiff’s petition fails to set forth a valid cause of action. There the Supreme Court sustained a motion to quash a bill of information in which the defendant was charged with a statutory offense described in the exact language of the statute imposing penalties on gambling. The decision of the Court was predicated on Article 227 of the Code of Criminal Procedure, LSA-R.S. 15:227, which provides the indictment must state every fact and circumstance necessary to constitute the offense. The pleadings in the instant case follow civil procedure and are governed by the Pleading and Practice Act and the Code of Practice. In Honeycutt v. Carcer, La.App.1946, 25 So.2d 99, 100, the court stated:
“Counsel for appellant re-urges the exceptions in this court. It is contended that the defendant was entitled to the information requested in the exception of vagueness. A plaintiff is only required to set out in his petition the facts on which his cause of action is based in a clear and concise form, so as to give the defendant sufficient information to enable him to make his defense. The information requested in the exception of vagueness was more a matter of evidence than pleading. A plaintiff is not required to detail in his petition the evidence which he expects to advance in support of his demand. The defendant has not been prejudiced because of a failure to allege the details requested in the exception of vagueness.”
Had defendant needed further information in order to defend against charges he was engaged in holding himself out as conducting a business prohibited by the laws of this state, he could have requested through a plea of vagueness particular facts such as dates, places, etc. Not having done this, we think he has no cause to complain.
The second ground urged for reversal is that the court erroneously admitted the testimony of Le Doux J. Chastant, Jr., a witness called by plaintiff, forasmuch as the facts testified to by the witness occurred after the date of verification of the petition —the 21st day of March, 1957. The trial of the case was had on January 31, 1958. Appellant’s position is that evidence of what happened after the petition was prepared and verified by the plaintiff could not possibly have been pertinent to the pleadings. Paragraph one of the petition, above set out, alleges that the defendant “is holding himself out to the public as being engaged within Rapides Parish, State of Louisiana, in the business of * * * .” The defendant is thus charged with conducting a continuing business. The trial court obvi *511 ously was of the opinion evidence of acts which occurred prior to and after the filing of the petition were relative and pertinent to this issue. The testimony of Chastant referred to visits made by him to defendant’s office on June 6th and 11th, 1957, which dates were subsequent to the verification of the petition. The testimony was proper to show a repetition of acts or the continuance of a business which the petition alleges constituted the practice of medicine. In Louisiana State Board of Medical Examiners v. Karas, La.App. 1957, 98 So.2d 543, the defense was made that proof of the fact that defendant was not licensed to practice medicine on the date of June 17, 1955, was not sufficient to sustain a conclusion that he was not so authorized on November 20, 1956, the date upon which the suit was instituted. The contention was held to be without merit. A similar conclusion was reached in Louisiana State Board of Medical Examiners v. Stephenson, La.App.1957, 93 So.2d 330, 331, wherein the opinion quotes from Corpus Juris Secundum and refers to other authorities:
“ ‘Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference or re-buttable presumption that the fact exists at a subsequent time. * * * The limits of time within which the inference of continuance possesses sufficient probative force to be relevant vary with each case. Always strongest in the beginning the inference steadily diminishes in force with lapse of time.’ 31 C.J.S. Evidence, § 124, pp. 736-737.
‘The presumption applies to statutory violations of a continuous nature, such as engaging in a business or profession, or doing some other act, without having secured the required license or permit,’ 31 C.J.S. [Evidence § 124] p. 745, Idem.
“See 20 Am.Jr. 205, Section 207; Texas & N. O. Ry. Co. v. Miller & Co., La.App. Orleans; 4 So.2d 762 (syllabus 6) ; State v. Fray, 214 Iowa 53, 241 N.W. 663, 81 A.L.R. 286. See also: State v. Rose, 147 La. 243, 247-249, 84 So. 643.”
Evidence reflecting the defendant maintained a fixed business location or office with a receptionist, and equipped with an X-ray machine, furniture and other equipment, fully justifies the inference he was in business for a period of some duration.
Appellant concedes in his brief the testimony of Oster concerning facts occurring prior to the drafting of the petition has some probative value. Such evidence when considered with defendant’s admission in his answer that he was without a permit to practice medicine, would seem to sustain plaintiff’s right to a judgment, yet counsel argues the testimony of Oster should also be excluded from consideration by the court as it was obtained through “the entrapment of the defendant”, in that the activities of Oster were the result of a plan conceived by the plaintiff to entrap the defendant and induce him to violate the law. Cited in support of this postulation is Kott v. United States, 5 Cir., 163 F.2d 984, 987, where the court said:
“It is legitimate and proper to adopt devices or traps to detect crime, provided the device is not a temptation and solicitation to commit it.”
The rule so stated is recognized in our jurisprudence atid appellant relies upon State of Louisiana v. Dudoussat, 47 La.Ann. 977, 17 So. 685, 687, wherein the facts disclose the accused was a member of the City Council of New Orleans. The prosecuting witness in the case, one Sherman, had pending before the City Council an application to be permitted to open a barroom. The accused made a proposal to him that for one hundred dollars he would secure for him the privilege asked for. Following this proposal several persons, including officers of the police force and newspaper reporters, arranged a plan to trap the accused in order to obtain evidence of brib *512 ery. Marked money was tendered to the accused and he accepted it. In rejecting the defense that such evidence should not have been admitted, the court said:
“We are not disposed to commend the means employed in this particular case, and, under the circumstances, they were of such character as to leave but little discrimination between prosecutor and accused. The defendant might have escaped disgrace if the opportunity had not been presented. But he had proposed to commit the crime, and seized the opportunity presented to do so.”
The witnesses, Oster and Chastant, admitted they were hired detectives and as such each presented himself to the defendant’s office for treatment of an imaginary ailment. But such acts cannot be held to constitute an entrapment as contemplated by the rule. The uncontradicted evidence is that defendant held himself out as a chiropractic and proposed to administer to or treat persons who came to his office. The proposal first came from the defendant, without which the detectives would not have appeared at defendant’s place of business. We are of the opinion, therefore, that the ruling in the Dudoussat case is equally applicable here and we hold the argument advanced in favor of defendant is without merit.
Issues involving constitutional law raised before the trial court have been abandoned. The questions so presented have previously been raised in cases arising under LSA-R.S. 37:1261 et seq. and ruled upon in decisions by the appellate courts of this state. See: Louisiana State Board of Medical Examiners v. Beatty, 1951, 220 La. 1, 55 So.2d 761; Louisiana State Board of Medical Examiners v. Cronk, 1924, 157 La. 321, 102 So. 415; Louisiana State Board of Medical Examiners v. Fife, 1926, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed 274 U.S. 720, 721, 47 S.Ct. 590, 71 L.Ed. 1324.
For the reasons hereinabove set forth, we are of the opinion plaintiff’s petition does state a cause of action and the judgment complained of is supported by adequate evidence. The judgment is affirmed at appellant’s cost.