**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Fred GREEN, Defendant-**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Russell Glenwood FULTON, Defendant-**
**Appellant.**

**Nos. 14422, 14423.**

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1961.

Certiorari Denied Jan. 8, 1962.

See 82 S.Ct. 398.

George R. Hawes, Toledo, Ohio, for appellant Green.

Jerome Rotenberg, Chicago, Ill., for appellant Fulton.

Richard M. Colasurd, Sp. Asst. U. S. Atty., Toledo, Ohio, Russell E. Ake, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

Appellants were found guilty by a jury under an indictment charging them with having devised a scheme or artifice to defraud, and the use of an interstate telephone call for the purpose of executing such scheme or artifice, in violation of the provisions of Section 1343, Title 18 United States Code. Each appellant received a sentence of five years.

Appellants contend that the evidence was insufficient to take to the jury the question of whether a scheme or artifice to defraud existed on the part of the appellants. We find no merit in this contention.

■ Appellant Fulton contends that the Government's evidence failed to prove that telephone call on July 14, 1960, relied upon by the Government as the interstate call by this appellant, was an interstate call. The evidence fully supported the Government's contention that appellant Fulton, or someone acting at his direction, made this telephone call to the victim of the scheme in Holland, Ohio, on July 14, 1960. Although the origin of this call was not testified to by the victim, we are of the opinion that the records of the telephone company introduced by the Government, were sufficient to take to the jury the question of whether the call originated in Chicago, Illinois, as contended by the Government, and so constituted the interstate use of the telephone required under the statute and the indictment.

■ Complaint is made that the District Judge in reviewing the evidence in his charge to the jury made several misstatements of fact, and in commenting upon the evidence, referred to the evidence which was most favorable to the prosecution and did not refer to the unfavorable evidence to the Government that had been brought out by cross-examination. The District Judge told the jury that he was speaking from notes taken during the course of the trial; that the jury was the arbiter and final judge of the facts in the case. At the conclusion of the charge, no objections were made by appellants to the remarks now complained of, as required by Rule 30, Rules of Criminal Procedure, 18 U.S.C. We are of the opinion that any errors which may have been made in this respect were not such plain errors affecting substantial rights of the appellants as to require reversal of the judgments under Section 52(b), Rules of Criminal Procedure. Conley v. United States, 6 Cir., 257 F.2d 141, 144.

■ Appellant Fulton complains of the statement by the trial judge to the jury during the course of the trial, in which he told the jury that certain evidence previously admitted against the defendant Green could be considered as against both defendants, in that the scheme to defraud on the part of the two defendants had by that time been "sufficiently proved." We do not construe this, as contended by the appellant, that the District Judge by such a remark instructed the jury that the issue of whether a scheme or artifice to defraud existed was no longer a question for its consideration, but consider it only as a ruling that the evidence on that issue had become sufficient by that time to make the

evidence in question against Green also admissible against Fulton. That the issue of whether a scheme or artifice to defraud existed was still a question for the jury is made plain by the Court's final instructions to the jury. We are of the opinion that there was no prejudicial error in this respect. Rule 52(a), Rules of Criminal Procedure; Cottingham v. United States, 6 Cir., 228 F.2d 904; Clarke v. United States, 9 Cir., 132 F.2d 538, 541, certiorari denied, 318 U.S. 789, 63 S.Ct. 992, 87 L.Ed. 1155.

The judgments are affirmed.