LEAR, Judge.
Plaintiff’s petition sets forth that he is a qualified and duly licensed optometrist in Louisiana, practicing in the Parish of Ouachita; that by letter dated July 21, 1965, the defendant Board notified him of a hearing to determine whether he had violated Louisiana Revised Statute 37:1061 sub-section (6) (Having professional connection with or lending his name to an illegal practitioner), sub-section (9) (Deceiving or defrauding the public), and subsection (13) (Permitting another to use his certificate of registration); that the hearing resulted in his conviction and the decision of the defendant Board to revoke his license to practice optometry in the State of Louisiana; that the charges did not adequately inform plaintiff of the nature thereof, and that the evidence adduced before the Board did not support the conclusion reached by it; and that he has never been guilty of any violation of the Optometry Act of Louisiana. The petition further alleges a statutory and constitutional right to a trial de novo in the district court or, in the alternative, a review of the findings of the Board and the penalty imposed. The plaintiff further alleged irreparable injury and prayed not only for the permanent injunction but also for an order directed to the defendant Board requiring it to vindicate petitioner by appropriate publicity. In the alternative, petitioner asks that the district court reduce the penalty and fix a more reasonable one or remand the question of penalty to the Board for further consideration.
The defendant’s answer denies all salient allegations of the petition, alleging affirmatively that plaintiff’s relief is restricted to L.R.S. 37:1062 and, in recon-vention, demands a permanent- injunction against petitioner restraining and prohibiting him from practicing optometry in the State of Louisiana.
A public hearing on the charges was held in the Holiday Inn Motel in Monroe, Louisiana, on August 20, 1965, with all five members of the defendant Board present. The Board and Dr. Beaver were each represented by counsel.
As a result of this hearing, the Board found Dr. Beaver in violation of all three charges and ordered the revocation of his license, precipitating this suit.
In a lengthy and very well considered opinion, the trial court overruled the Board’s conviction of Dr. Beaver under sub-sections (9) and (13) of the Act, but affirmed his conviction on the charge of having violated sub-section (6). The court then, as a matter of judicial determination, held that the penalty of revocation was excessive, ordered said penalty set aside, and further ordered the matter remanded to the Board for the further consideration and imposition of a new penalty consistent with the gravity of the violation de *120 termined to have been committed. In response to the order, the Board held another meeting and suspended Dr. Beaver’s license for two years.
This provoked another petition by Dr. Beaver to the court asking that the suspension be set aside and asking the court to either remand the matter once again to the Board for consideration of an appropriate penalty or, in the alternative, asking the court to fix the penalty itself and order the Board to levy the penalty fixed by the court. As a result of this second trial, the district court found that in assessing the two-year suspension the Board had considered certain matters not connected with a violation of sub-section (6) and said:
“Thus, the Board to this point has not properly discharged its original responsibility under the law, nor has it carried out the mandate of this Court. Certainly, in such a case, the Court, even if it has the authority to do so, should not intervene to the extent of fixing a penalty. On 'the other hand, the Board should be allowed the opportunity to properly perform its primary responsibility. After this has been done it will be time enough for judicial intervention.
“Accordingly, the matter of assessing the proper penalty should be remanded to the Board of Optometry Examiners for the purpose of carrying out the order of this Court heretofore entered herein.”
As a result of this second remand, the Board ordered Dr. Beaver’s license revoked for a period of six months. This, of course, provoked still another petition on behalf of Dr. Beaver alleging that the suspension for six months for the infraction found against Dr. Beaver was arbitrary, capricious and unreasonable. The petition further contended that the Board’s action was an unconstitutional deprivation of his property without due process of law and an unconstitutional denial of equal protection of the laws.
As a result of this third hearing, the district court rendered judgment in favor of the defendant, Louisiana State Board of Optometry Examiners, and against the plaintiff, Dr. George Beaver, Jr., O.D., enjoining, restraining and prohibiting the said Dr. George Beaver, Jr., from practicing optometry in the State of Louisiana for a period of six months.
By two separate appeals on behalf of plaintiff, this matter comes before this court on both the issue of the violation of sub-section (6) and the issue relating to the penalty.
By answer to the appeal, the Board brings before this court the issues as to whether the trial court properly overruled the Board in its finding that plaintiff had violated L.R.S. 37:1061(9) and (13) and challenges the authority of the district court to review the penalty imposed by the Board.
Courts are most reluctant, and rightly so, to amend, alter or in any way interfere with the findings and judgments of administrative boards when those findings and judgments are based upon a substantive rationale. State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Chantlin v. Acadia Parish School Board, La.App., 100 So.2d 908. In the absence of a showing of a grave mistake of fact or law, discrimination, arbitrariness, or a manifest abuse of discretion, the courts will not substitute their judgments for the judgments of administrative or executive boards or persons in authority. State ex rel. Bourgeois v. Board of Supervisors of Louisiana State University, 205 La. 177, 17 So.2d 25.
However, we reject the Board’s contention that the court has no authority to consider the penalty imposed if the fact of the violation has been established. L.R.S. 37:1062 provides as follows:
“Any person aggrieved by the decision of the board shall have the right to appeal to the courts of the state.”
*121 An appeal to the court brings the entire matter before it — the penalty as well as the offense itself — and if the penalty imposed is one so harsh as to obviously point up an abuse of discretion, the court will treat with that as well as it will any other phase of the matter. See Akin v. Louisiana State Board of Optometry Examiners, 245 La. 481, 158 So.2d 833.
This court sees nothing in the record to dispose it to overrule the conclusions of the Board and the trial court that Dr. Beaver was in violation of L.R.S. 37:1061(6), and although his actions were neither reprehensible nor malum in se, his violation of the statutory law did subject him to disciplinary action by the Board. Furthermore, although it may well be that a suspension from the practice of his chosen profession for a period of six months is harsh, we can see no such abuse of discretion as to warrant our substituting our judgment for that of the Board and the trial court.
Plaintiff strenuously argues that the charges and subsequent conviction were the result of an entrapment, because the witnesses testifying in the hearing before the Board were sent to Dr. Beaver’s office for the purpose of gathering evidence of one or more violations. Though this type of activity may be repugnant to the American sense of fair play, this was not the entrapment reprobated by our laws. Louisiana State Board of Medical Examiners v. Boisvert, La.App., 103 So.2d 507, cites with approval a statement found in Kott v. United States, 163 F.2d 984 (Fifth Circuit), as follows:
“It is legitimate and proper to adopt devices or traps to detect crime, provided the device is not a temptation and solicitation to commit it.”
There is no evidence that either of these witnesses offered Dr. Beaver any temptation or solicited him to do something that he knew he should not do. The Optometry Act of Louisiana is designed to upgrade the profession and is concerned with the protection of the high standards and professional ability of persons licensed to practice the art in Louisiana. If the activity of Dr. Beaver is one which should not be reprobated by the law, then that is a matter for the optometrists to take up with their Board of Examiners.
For the reasons given above, the judgment of the district court is hereby affirmed, subject to an amendment to the effect that the period, of suspension shall begin on the date this judgment becomes final and shall continue for six months.
Amended and affirmed.