In the Matter of Levi McDONALD, Petitioner.

STATE OF OREGON, Plaintiff,

v.

Levi McDONALD, Defendant (In the Circuit Court of the State of Oregon for the County of Multnomah).

STATE OF OREGON, Plaintiff,

v.

Levi McDONALD, Defendant (In the Circuit Court of the State of Oregon for the County of Clackamas).

Civ. No. 60-54.

United States District Court
D. Oregon.
Feb. 15, 1960.

Frank W. King, Portland, Or., for petitioner.

EAST and KILKENNY, District Judges.

These removal proceedings came on for hearing before the above judges upon the petitioner's prayer for an order of this Court granting the following relief:

First, That the State of Oregon and its officials be enjoined from prosecuting the petitioner for any alleged offenses arising out of the destruction of certain trucks referred to hereinafter.

Second, That the alleged criminal prosecutions commenced by the State of Oregon against the petitioner in Multnomah and Clackamas Counties, Oregon, be removed to the United States District Court for the District of Oregon.[1]

Third, That this Court issue its writ of habeas corpus and that the United States Marshal for this District take your petitioner into his custody and out of the custody of the Sheriff of Multnomah County or other official of the State of Oregon.[2]

Fourth, That reasonable bail be fixed; all pursuant to Title 28 U.S.C.A. § 1443 [3] and § 1446.

Petitioner bottoms his claim of jurisdiction in this Court upon the following pertinent averred facts:

That on February 11, 1960, in the nighttime, men purporting to act under color of authority of the State of Oregon entered petitioner's home without process of law, seized him and took him away from his home and family. They confined and held him incommunicado, and petitioner is now held and confined in Multnomah County, Oregon, in the custody of the Sheriff of said County.

That petitioner was not served with a copy of a warrant of arrest. He has not been taken before any magistrate. Although he has demanded to know the nature and cause of the accusations against him and to have a copy thereof, his demand has been refused. Petitioner does not know what criminal charges, if any, may have been made against him. He believes that an attempt is being made to implicate him with the destruction by explosives of certain trucks used to distribute the newspaper published jointly by the Oregonian and the Oregon Journal.

Although the petitioner, a negotiating committee member of a Union now on strike against said newspapers, is entitled to the protection of the Bill of Rights designed to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts, these newspapers with unrestricted power, together with officials acting under color of authority, have permitted themselves to engage in the excesses of unrestrained abuses, in short, trial by newspaper.

Petitioner has been denied the right to bail. Petitioner was informed that his bail was set at $10,000. When he attempted to post that bail, he was informed that his bail had been raised to $20,000. Again, when efforts were made to obtain bail, the petitioner was informed that his bail was $40,000, and finally petitioner was informed that his bail was fixed at $90,000.

The petitioner concludes that by reason of the foregoing, he has been denied his constitutional rights under the Fourteenth Amendment by the officials of the State of Oregon acting under color of the

---

1. Title 28 U.S.C.A. § 1446(e).

2. Title 28 U.S.C.A. § 1446(f).

3. § 1443. *Civil Rights cases*
   "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; * * *."

authority of the laws of Oregon, and under the Civil Rights Act prosecution of the petitioner is exclusively within the jurisdiction of the United States District Court for the District of Oregon.

We accept the foregoing averred facts to be true; nevertheless, said petition fails to state facts or a claim upon which any relief can or could be granted, or to give jurisdiction of the subject matters of the causes to this Court.

Petitioner has mistaken his proper remedy. He must take his grievances to the Courts of the State of Oregon, not here by way of removal, pursuing "if necessary, ultimate recourse to the United States Supreme Court". State of Louisiana v. Murphy, D.C.W.D.La., June 4, 1959, 173 F.Supp. 782, 783.[4]

Therefore, upon our own motion, we find that the removal of the above-entitled State causes were improvident and without jurisdiction and that:

(1) Petitioner's prayer for relief in its entirety should be denied; and

(2) That the State causes should be forthwith remanded to the State Courts, respectively, and the Clerk of this Court is directed to forthwith mail a certified copy of this order to the respective clerks of said State Courts.[5]

It is so ordered.

---

**4.** "See 45 American Jurisprudence, 888, et seq., 'Removal of Causes', § 109:

" 'It is not every denial of, or inability to enforce in the state tribunals, any of those rights which are secured to every citizen by any law providing for equal civil rights of citizens of the United States that is within the contemplation of the statute giving a right of removal on that ground; to justify a removal on this ground, the statute contemplates primarily, if not exclusively, a denial or inability to enforce such right which results from the Constitution or laws of the state. And it is only when such hostile state constitutional provision or state legislation can be shown to exist as to interfere with the party's right of defense that he can have the case removed to the Federal court.

\* \* \* \* \* \* \*

" 'The remedy for alleged denial of, or inability to enforce, equal civil rights which does not primarily result from the state Constitution or laws themselves, *but from their maladministration* (i.e., illegal, corrupt, or other improper acts of individuals or judicial or administrative officers) lies, in the first instance, to the higher state courts, and ultimately thence, by appropriate proceedings to the revisory powers of the courts of the United States. * * *' (Emphasis supplied.)

"See also, to the same effect, 76 C.J. S. Removal of Causes § 94, p. 983." (Note 67.)

**5.** Title 28 U.S.C.A. § 1447(c):

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

It is axiomatic that a Federal court shall, upon its own recognition that it is without jurisdiction, disgorge itself by its own action. Cover v. Schwartz, 2 Cir., 1942, 133 F.2d 541, at page 546 (see note 7), certiorari denied 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703, rehearing denied 319 U.S. 785, 63 S.Ct. 1325, 87 L.Ed. 1728.